UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Compressor Engineering Corporation,

    Plaintiff,

v.                                                   Case No. 09-14444

Manufacturers Financial Corp., *et al.*,      Honorable Sean F. Cox

    Defendants.
_____/

## **OPINION & ORDER**

       This action, brought under the Telephone Consumer Protection Act, is currently before the Court on Defendants' "Motion To Dismiss Case As Moot Or, In The Alternative, To Enter Judgment Pursuant To F.R.C.P. 68" (Docket Entry No. 84).  In that motion, Defendants assert that this Court should enter a judgment of dismissal because their Rule 68 Offer of Judgment satisfies Plaintiff Compressor Engineering Corporation's entire demand, leaving no legal dispute upon which federal jurisdiction can be based, or in the alternative, enter judgment pursuant to Rule 68, pursuant to the terms of the offer.  The Court finds that oral argument would not aid the decisional process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument.  As explained below, this Court concludes that Defendants' Rule 68 Offer of Judgment in this case provides Plaintiff Compressor Engineering Corporation with all relief that it sought in its Complaint, and all the relief that it could potentially obtain in this action.  Accordingly, under *O'Brien v. Ed Donnelly Enters., Inc*., 575 F.3d 567, 574 (6th Cir. 2009)*,* this Court will enter judgment in its favor, in accordance with the Rule 68 offer of judgment, and dismiss the case as moot.

1

**BACKGROUND**[1]

Plaintiff Compressor Engineering Corporation ("Compressor Engineering") filed this putative class action, asserting claims under the Telephone Consumer Protection Act ("TCPA"). Compressor Engineering is the only named plaintiff.

Compressor Engineering's Complaint alleges that Defendants Manufacturers Financial Corporation, Charity Marketing, LLC, and Richard K Stephens ("Defendants") violated the TCPA by sending it one unsolicited advertisement via its facsimile machine. Its Complaint seeks the following relief: 1) certification of this action as a class action under Fed. R. Civ. P. 23; 2) an award of $500.00 in statutory damages, to be trebled if the act was wilful (Compl. at 4); and 3) that the Court enjoin Defendants from additional violations.

This Court denied Compressor Engineering's Motion for Class Certification in an Opinion & Order issued on April 26, 2013. (Docket Entry No. 65).

Compressor Engineering filed a petition pursuant to Fed. R. Civ. P.23(f) for leave to appeal this Court's Order denying its Motion for Class Certification. The United States Court of Appeals for the Sixth Circuit denied that petition in an Order issued on October 23, 2013. (Docket Entry No. 74).

The Court was scheduled to hold the Final Pretrial Conference in this matter on February 18, 2014. Shortly before that conference, Compressor Engineering filed a Motion for Summary Judgment (Docket Entry No. 79) and a motion seeking a settlement conference and Defendants filed an Offer of Judgment and a Motion to Enter Judgment.

---

[1]The background of this case is more fully set forth in this Court's April 26, 2013 Opinion & Order (Docket Entry No. 65). The Court includes here only those backgrounds facts relevant to the motion at issue.

Compressor Engineering's Motion for Summary Judgment sought statutory damages of $500.00 for the one facsimile advertisement sent to it, and asked the Court to treble that award to $1500.00. (Docket Entry No. 79).

Defendant's Offer of Judgment (Docket Entry No. 83) stated, in pertinent part, as follows:

> [Defendants], pursuant to Fed. R. Civ. P. 68, hereby make this offer to allow judgment to be taken against them, individually and jointly, in the amount of one thousand five hundred dollars ($1,500.00). These defendants further agree to pay for plaintiffs costs through the date of acceptance of this offer of judgment. Finally, these defendants agree to submit to an injunction prohibiting them from sending any unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

(*Id*. at 1).

On February 18, 2014, the Court held a conference with the parties in this case, and two similar cases (Case No. 10-10085 & Case No. 09-14959). At that conference, the parties agreed that: 1) Plaintiff was withdrawing its Motion for Summary Judgment; 2) any offers of judgment made pursuant to Fed. R. Civ. P. 68 would be made no later than February 28, 2014; and 3) and any Motions to Dismiss and/or Motions for Entry of Judgment, based upon offers of judgment in this action, would be filed no later than April 18, 2014. (Docket Entry No. 81).

The only motion remaining before the Court in this case is Defendants' "Motion To Dismiss Case As Moot Or, In The Alternative, To Enter Judgment Pursuant To F.R.C.P. 68" (Docket Entry No. 84). In that motion, Defendants assert that this Court should enter a judgment of dismissal because their Rule 68 Offer of Judgment satisfies Compressor Engineering's entire demand, leaving no legal dispute upon which federal jurisdiction can be based, or in the alternative, enter judgment pursuant to Rule 68, pursuant to the terms of the offer.

3

Compressor Engineering filed a response in opposition to the motion (Docket Entry No. 85), stating that it opposes the motion "because it has incurred attorney's fees and expenses pursuing this case on behalf of the absent class members" and those attorney fees and expenses are not included in the Offer of Judgment. (*Id*. at 1-2).

## ANALYSIS

The Sixth Circuit has held that an unaccepted offer of judgment, such as the offer of judgment here, can moot a case. *O'Brien v. Ed Donnelly Enters., Inc*., 575 F.3d 567, 574 (6th Cir. 2009). In that case, the Sixth Circuit held that "a Rule 68 Offer can be used to show that the court lacks subject-matter jurisdiction. *See Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (an offer of judgment that encompasses the relief claimed 'eliminates a legal dispute upon which federal jurisdiction can be based,' because '[y]ou cannot persist in suing after you've won')." *Id*. at 574. The Sixth Circuit explained "[w]e agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand moots the case." *O'Brien*, 575 F.3d at 574. It "disagree[d], however with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand." *Id*. at 575. "Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case." *Id*.

Accordingly, under *O'Brien*, where the defendant has offered a Rule 68 offer of judgment that satisfies a plaintiff's entire demand, the district court should enter judgment in favor of the plaintiff in accordance with the Rule 68 offer of judgment and dismiss the case as moot.

4

Thus, this Court must consider whether Defendants' Offer of Judgment satisfies Compressor Engineering's entire demand.

The TCPA authorizes a private right of action for a person or entity who has received an unsolicited facsimile advertisement. A person or entity may recover $500.00 in statutory damages for each unsolicited facsimile advertisement that was sent to it. 47 U.S.C. § 227(b)(3). The Court has the discretion to treble the amount of the award, if it finds that the defendant willfully or knowingly violated the Act. *Id.* In addition, a person or entity pursuing a private action may seek to enjoin future violations. *Id.*

Here, Compressor Engineering alleges that it received one unsolicited facsimile advertisement from Defendants (*see* Complaint at ¶ 10) and it seeks statutory damages. (*See* Comp. at 4, asserting that a common issue of fact and law is whether "Plaintiff and the other members of the class are entitled to statutory damages" ). Thus, if this Court were to treble the $500.00 statutory damage award provided under the Act, the most that Compressor Engineering could receive would be $1,500.00 in monetary damages.

Defendants' Rule 68 Offer of Judgment provides that Defendants: 1) will pay $1,500.00 in damages to Compressor Engineering; 2) will pay costs through the date of acceptance; and 3) agree to submit to an injunction prohibiting them from sending any unsolicited facsimile advertisements in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

Compressor Engineering suggests that the offer of judgment is defective in that it does not include an award for attorney fees and expenses. But Compressor Engineering did not seek an award of attorney fees or expenses in its Complaint and the TCPA does not authorize an award of attorney fees or expenses. 47 U.S.C. § 227(b)(3); *see also Smith v. Microsoft Corp.*,

297 F.R.D. 464, 469 (S.D. Cal. 2014).

This Court concludes that Defendants' Rule 68 Offer of Judgment in this case provides Compressor Engineering with all relief that it sought, and all the relief that it could potentially obtain in this action. Accordingly, under *O'Brien,* this Court will enter judgment in its favor, in accordance with the Rule 68 offer of judgment and dismiss the case as moot.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion is GRANTED to the extent that the Court shall enter judgment in Compressor Engineering's favor, in accordance with the Rule 68 offer of judgment, and dismiss this case as moot.

**IT IS SO ORDERED.**

                                                  S/Sean F. Cox  
                                                  Sean F. Cox  
                                                  United States District Judge

Dated: July 14, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 14, 2014, by electronic and/or ordinary mail.

                                                  S/Jennifer McCoy  
                                                  Case Manager