UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Compressor Engineering Corporation,

    Plaintiff,

v.       Case No. 09-14444

Manufacturers Financial Corporation,       Sean F. Cox
    United States District Court Judge

    Defendant.

_____/

## MEMORANDUM OPINION

    This Telephone Consumer Protection Act class action is currently before the Court, following remand by the Sixth Circuit, so that this Court can determine the following two issues: 1) whether two Declarations of Caroline Abraham are admissible for purposes of summary judgment; and 2) if not, whether Plaintiff can still survive Defendants' summary judgment motion without them. The parties have briefed the issues and the Court heard oral argument on March 21, 2019. As explained below, this Court concludes that the Declarations were admissible at the summary judgment stage and that Defendants never made a proper objection to them under Fed. R. Civ. P. 56(c)(2). Accordingly, this matter shall proceed to a jury trial.

### BACKGROUND

    This case, filed in 2009, has a lengthy history that need not be repeated here. This Court's April 7, 2016 Opinion & Order contains an overview of the case. (ECF No. 107).

    This is one of many lawsuits filed in connection with a company known as Business to

1

Business Solutions ("B2B"), a fax advertising business operated by a woman named Caroline[1] Abraham that catered to small businesses. (*See* Sixth Circuit's 8/16/18 Opinion, ECF No. 155). For a fee, B2B faxed clients' advertisements to hundreds of numbers, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b). "These faxes from B2B have led to over 100 lawsuits." *Id*.

In April of 2016, this Court ultimately certified this TCPA case, and two others filed by the same Plaintiff's Counsel. This Court certified the following class in this case:

> All persons or entities who were sent one or more faxes on November 29, 2005, or November 30, 2005, that contained a "Remove" Hotline number of (718) 645-2018, Ext 2234 and a "Complaint" Hotline number of (718) 645-2021, Ext 232. and offered either a "Limited Release Refinance Program" with a toll free number of (800) 264-3898 or a "Fast Track Approval for Licensed Brokers! [sic] that included contact information for Julia Kahn."

(*Id*. at Pg ID 3871).

As discussed and agreed at a Status Conference held on September 13, 2016, this Court ordered that by December 14, 2016, Plaintiff's Counsel shall take the deposition of Caroline Abraham. (ECF No. 124).

In December of 2016, Plaintiff filed a motion asking the Court for an extension of time to take the deposition of Abraham. (ECF No. 132). In that motion, Plaintiff's Counsel stated that "Ms. Abraham's testimony *would likely* be necessary to support the Class's case in chief" in the event that "this case proceeds to trial." (*Id*. at PageID4824) (emphasis added). That motion also explained that after Abraham failed to appear for a noticed deposition in October of 2016, Plaintiff's Counsel "initiated an action in U.S. District Court for the Eastern District of New

---

[1]The Sixth Circuit's opinion spelled her first name as "Carolyn" but her Declarations listed her name as "Caroline."

York to compel compliance with the Rule 45 non-party subpoena served on Caroline Abraham. *Compressor Engineering Corporation v. Manufacturers Financial Corporation et al.,* Case No. 1:16-mc-03020-MKB (E.D. N.Y.)." (*Id.*).

Although that motion was granted by text-only order issued on December 22, 2016 (suspending dates to allow for facilitation and the deposition of Abraham), Abraham was never deposed in this action.

Cross-motions for summary judgment were filed by the parties. Plaintiff produced and relied on two Declarations from Abraham to support its motion and to oppose Defendants' motion. (*See* ECF Nos. 139-5 and 139-7).

The first Abraham Declaration (ECF No. 139-7) was signed by Abraham on December 28, 2010. (*Id.* at PageID5510). It begins by stating "I am of legal age, have personal knowledge of the facts set forth herein, and am otherwise competent to testify." It then contains statements regarding her business, Business to Business Solutions, how she operated it, and the records and equipment she turned over to Plaintiff's counsel.

The second Abraham Declaration (ECF No. 139-5) was signed by Abraham on February 13, 2014. This two-page declaration incorporates by reference the 2010 Declaration and then includes statements specific to the events and documents concerning this particular case. (*Id.*). The Declaration then attached various documents.

Defendants' Motion for Summary Judgment (ECF No. 137) sought summary judgment in Defendants' favor and presented the following four issues:

1) "Can Compressor Engineering Corporation represent putative class members who received Exhibit 23, when Compressor Engineering Corporation did not receive Exhibit 23, and its claim is not typical of the 'Exhibit 23' claims?";

> 2) "Was Defendant Richard Stephens a 'sender' of either Exhibit 23 or 24, when neither fax promoted goods or services to be provided by Richard Stephens personally, he had no knowledge that these faxes were being sent out, and gave no one permission to send them?";
>
> 3) "Was Charity Marketing LLC a 'sender' of either Exhibit 23 or 24 when neither fax promoted goods or services to be provided by Charity Marketing L.L.C. and there is no evidence that they were sent out on Charity Marketing L.L.C.'s behalf?"; and
>
> 4) "Was Manufacturers Financial Corporation a "sender" of Exhibit 24, when it does not promote goods or services to be provided by Manufacturers Financial Corporation, and the fax was not authorized by Manufacturers Financial Corporation?"

(*Id*. at PageID4896). The first issue was an issue that goes to class certification, not summary judgment. The second, third, and fourth issues sought summary judgment as to each of the three Defendants, on a limited basis. As to Defendant MFC, it sought summary judgment on the ground that it was not a "sender" of the fax produced as Exhibit 24.

The body of Defendant's brief in support of its motion asserted that the Abraham Declarations are inadmissible hearsay. (ECF No. 137 at PageID 4898). That brief did not object to the Declarations based on Fed. R. Civ. P. 56(c)(2).

Defendants' brief filed in opposition to Plaintiff's summary judgment objected to the Abraham Declarations relied on by Plaintiff, again arguing that they are inadmissible hearsay. Defendants argued:

> Plaintiffs have relied in this case on several declarations of Carolyn [sic] Abraham, the owner of B2B (Plaintiffs' Exhibits D and F). Plaintiffs have attempted to take the deposition of Carolyn [sic] Abraham in this case and have not been successful, as set forth in the Statement of Facts. In normal circumstances, a declaration may be used under Fed. R. Civ. Pro. 56(c)(1)(A), but allowing use of a piece of paper allegedly signed by a person who cannot be found violates the Federal Rules of Evidence. The declaration of Carolyn [sic] Abraham is hearsay Fed. R. Ev. 801(c), and is not admissible Fed. R. Ev. 802. The records purportedly identified by Carolyn Abraham do not fall within the

exception of Fed. R. Ev. 803(6) as they have not been authenticated.

(ECF No. 141 at PageID5744-45). Defendants did not object to the Abraham Declarations pursuant to Fed. R. Civ. P. 56(c)(2). That is, Defendants did not cite Fed. R. Civ. P.56(c)(2), nor did they object that the material cited cannot be presented in a form that would be admissible in evidence at trial.[2]

On September 13, 2017, this Court issued an Opinion & Order, wherein it granted summary judgment in favor of each of the three Defendants. (ECF No. 149). As to Defendant Charity Marketing, LLC, this Court concluded there is no evidentiary basis for imposing liability against that entity and granted summary judgment in favor of that Defendant as to the claims asserted by Plaintiff and the Class. This Court also granted summary judgment in favor of Defendant Richard Stephens, as to Plaintiff and the Classes, because there was no evidence that he had any personal involvement, such that he could be held personally liable under the TCPA. Finally, the Court also granted summary judgment as to the remaining Defendant, MFC, because the Court concluded that Plaintiff and the Class could not produce sufficient evidence at trial such that a reasonable jury could conclude that the two fax ads at issue in this case were sent "on behalf of" Defendant MFC.

The Opinion noted that the parties disputed whether Abraham's Declarations could be considered for purposes of summary judgment, given that she may not testify at trial. This Court did not address that issue because the Court concluded that even when they were considered, Defendants were entitled to summary judgment. (*Id*. at PageID6279 n.2).

---

[2]Defendants' *reply brief* objected to the Abraham Declarations based upon Fed. R. Civ. P. 56(c)(4) but made no objection based on Fed. R. Civ. P. 56(c)(2). (*See* ECF No. 148 at PageID.6231 & 6233). The Abraham Declarations complied with Fed. R. Civ. P. 56(c)(4).

Plaintiff appealed. In an unpublished opinion issued on August 16, 2018, the United States Court of Appeals for the Sixth Circuit reversed the summary judgment ruling as to Defendant MFC,[3] concluding that a reasonable jury could find that the faxed ads were sent "on behalf of" MFC. (ECF No. 155).

MFC had asked the Sixth Circuit to affirm the grant of summary judgment to it on the alternative ground that declarations of Caroline Abraham are inadmissible hearsay and could therefore not support Plaintiff. Although the issue had been fully briefed, the Sixth Circuit declined to make a ruling, stating:

> MFC also asks that the panel affirm the district court's grant of summary judgment on alternative grounds – that the Abraham declarations are inadmissible hearsay and thus cannot be considered to support Compressor. The district court did not rule on this admissibility issue below, and "[a]s a general rule, appellate courts do not consider any issue not passed upon below." *Sutton v. St. Jude Med. S.C., Inc.*, 419 F.3d 568, 575 (6th Cir. 2005) (quoting *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 620 (6th Cir. 2003)). MFC argues that the panel should rule on this admissibility issue because the appellate court makes "an independent review of the evidence" on summary judgment. CA6 R. 20, Appellee Br., at 26. However, in other cases, this court has remanded to the district court to rule on alternative arguments at the summary judgment stage. *See, e.g., InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 112 (6th Cir. 1989). Moreover, evidentiary rulings are normally reviewed under an abuse of discretion standard. *United States v. Ford*, 761 F.3d 641, 651 (6th Cir. 2014). Thus, we remand for the district court to decide the admissibility of the Abraham declarations in the first instance.

(*Id.* at 8).

Following issuance of the mandate, this Court held a Status Conference with Counsel on October 11, 2018. At that conference the parties agreed that they would file new briefs on the issue. This Court's Order defined the issues to be addressed as:

a) Whether the Declarations of Caroline Abraham, previously submitted as

---

[3]Defendants Charity Marketing, LLC and Stephens are no longer in this case.

> exhibits by Plaintiff during the cross-motions for summary judgment in this case, are admissible for purposes of summary judgment; and
>
> b) If not, whether Plaintiff can survive summary judgment without those Declarations, based upon the other evidence that was submitted in connection with the cross-motions for summary judgment.

(ECF No. 158). Those briefs have since been filed, and the Court heard oral argument on March 21, 2019.

## ANALYSIS

**I.  Are The Abraham Declarations Admissible For Purposes Of Summary Judgment?**

In opposing Defendant's summary judgment motion, Plaintiff presented the two Declarations from Abraham.

As Plaintiff's counsel notes, Fed. R. Civ. P. 56 expressly permits a party seeking or opposing summary judgment to rely on depositions, affidavits, and declarations, and other materials in the record. Fed. R. Civ. P. 56(c)(1)(A). The rule further provides, in subsection (c)(4), that an "affidavit or declaration used to support of oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affidavit or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The evidence presented in connection with a Rule 56 summary judgment motion "need not be in an admissible *form*, but its *content* must be admissible." *Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997) (emphasis in original). "For instance, deposition testimony will assist a plaintiff in surviving a motion for summary judgment, even if the deposition itself is not admissible at trial, provided substituted oral testimony would be admissible and create a genuine issue of material fact." *Id*.

In other words, "[a]lthough summary judgment should be based on admissible evidence, that evidence does not necessarily have to be presented in final, admissible form at the time of the summary judgment motion." *Southall v. USF Holland, Inc*., 2018 WL 6413651 at *4 (MD. Tenn. 2018). "For example, the Court may consider evidence presented in inadmissible hearsay form if the evidence can be reduced to an admissible form at trial." *Id.*

Many of the items proffered at the summary judgment stage are not in a form that would be admissible at trial, such as affidavits or declarations. Generally speaking, an affidavit or declaration of a witness who does not testify at trial cannot be admitted into evidence at trial because it would be hearsay (ie., a statement the declarant does not make while testifying at the trial, offered to prove the truth of the matter asserted.). But it is still appropriate to rely on such affidavits or declarations in opposing summary judgment, provided that the *content* of the affidavit or declaration is admissible. If that affidavit or declaration contained *content* that is not admissible, however, such as hearsay (eg., statements about what the declarant heard others say), then it would not be considered at the summary judgment stage.

Here, Plaintiff presented the two Declarations of Abraham, that are not in a form that would normally be admissible at trial. If the contents of those Declarations would be admissible, however, then they can generally be used at the summary judgment stage. The content of the Abraham Declarations is not hearsay. That is, as Plaintiff's Counsel notes, Abraham is making statements from her own personal knowledge, not re-stating things she heard from others. As such, the Declarations can be considered for summary judgment purposes under Rule 56.

There *can* be another step to the analysis, however, under the current version of Rule 56, *if* a party makes a proper objection under Fed. R. Civ. 56(b)(2). That subsection provides that a

8

"party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). This was discussed by the district court in *Thomas*:

> As the Sixth Circuit has more recently explained, the appropriate focus under Rule 56, as since amended, is on the admissibility of a fact at trial, not necessarily the admissibility of the fact in the specific form presented at the time of the summary judgment motion:
>
>> As amended in 2010, Federal Rule of Civil Procedure 56 provides that parties asserting a genuinely disputed fact need only "cit[e] to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). It then permits a party to "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Once an objection is properly made, the proponent must "show that the material is admissible as presented or ... explain the admissible form that is anticipated."
>
> *Mangum v. Repp*, 674 Fed.Appx. 531, 536–37 (6th Cir. 2017) (quoting Fed. R. Civ. P. 56(c), advisory committee's note to 2010 amendment); *see also Mount Vernon Fire Ins. Co. v. Liem Constr., Inc.*, No. 3:16-CV-00689, 2017 WL 1489082, at *3 (M.D. Tenn. April 26, 2017) (Crenshaw, J.) (acknowledging that the court, on a summary judgment motion, may consider evidence presented in hearsay form if the evidence can be reduced to admissible form at trial); *Wilson v. Stein Mart, Inc.*, No. 3:15-CV-01271, 2016 WL 4680008, at *2 (M.D. Tenn. Sept. 7, 2016) (Nixon, S.J.) (same); Jeffrey W. Stempel *et al.*, 11–56 Moore's Federal Practice—Civil § 56.91 (2018) ("Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible ..., the material may be presented in a form that would not, in itself, be admissible at trial."); Charles Alan Wright & Arthur R. Miller *et al.*, 10A Fed. Prac. & Proc. Civ. § 2721 (4th ed.) ("The court and the parties have great flexibility with regard to the evidence that may be used in a Rule 56 proceeding."); *cf. Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

*Thomas v. Haslam*, 303 F.Supp.3d 585, 624 (M.D. Tenn. 2018).

Defense Counsel does not assert that the Abraham Declarations cannot be considered by the Court in connection with the summary judgment motions because the Declarations contain

9

*content* that is hearsay. Rather, directing the Court to Fed. R. Civ. P. 56(c)(2) for the first time, Defendants are *now* asserting that the Court should not consider the Declarations because Plaintiff cannot present that evidence in an admissible form at trial. They say that because they do not believe that Abraham will testify at trial, given that Plaintiff's Counsel has been unable to depose her, despite filing an action in New York to do so.

The problem is that Defendants did not make an objection to the Abraham Declarations pursuant to Fed. R. Civ. P. 56(c)(2) when they opposed Plaintiff's summary judgment motion or when they filed their own summary judgment motion. Rather, they simply made an objection that the Abraham Declarations are inadmissible because they are hearsay.

It was not until *after* the Sixth Circuit remanded the case, and the parties filed supplemental briefs, that Defense Counsel objected to the Declarations pursuant to Fed. R. Civ. P. 56(c)(2). Thus, a Rule 56(c)(2) objection was not "properly made" by Defendants at the summary judgment phase of this case.

Because Defense Counsel did not raise an objection under Rule 56(c)(2) or cite the above authorities that discuss the proponent's burden when a 56(c)(2) objection is properly made, Plaintiff's Counsel did not have the opportunity to respond to such an objection.

Given the way this objection unfolded (i.e., only being raised after summary judgment motions were briefed and decided by this Court, and returned here upon remand), this Court does not believe that Defendants made a proper objection under Fed. R. Civ. P. 56(c)(2).

That does not mean, however, that Defendants cannot object to the use of the Abraham Declarations at trial. They can do so. *See* 2010 Advisory Committee Notes to Rule 56 ("If the case goes to trial, failure to challenge admissibility" under 56(c)(2) "at the summary-judgment

10

stage does not forfeit the right to challenge admissibility at trial.").

Accordingly, this matter shall proceed to a jury trial.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: March 25, 2019